IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: ASPEN EXECUTIVE AIR, LLC, d/b/a AEXJET, | ) ) ) | Chapter 11 |
| Debtor. | ) ) ) | Case No. 07-11341 (MFW) |

| | | |
|---|---|---|
| WALKER TRUESDELL & ASSOCIATES, INC., Liquidating Trustee for the Chapter 11 Estate of Aspen Executive Air, LLC, d/b/a AEXJet, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Adv. Proc. No. 09-_____ (MFW) |
| WINDWALKER AVIATION SERVICES, LLC, | ) ) | |
| Defendant. | ) | |

## COMPLAINT TO AVOID AND RECOVER AVOIDABLE TRANSFERS

Walker Truesdell & Associates, as Liquidating Trustee for the Chapter 11 Estate of Aspen Executive Air, LLC d/b/a/ AEXJet (the "Plaintiff"), by and through its attorneys, as and for its complaint to avoid and recover certain avoidable transfers (the "Complaint") against defendant Windwalker Aviation Services, LLC (the "Defendant"), alleges upon knowledge as to its own acts and otherwise upon information and belief as follows:

{00326380;v1}

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2. This action is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. Venue of this action is proper in this district pursuant to 28 U.S.C. § 1409(a).

4. The statutory bases for the relief requested in this Complaint are 11 U.S.C. §§ 502(d), 547, 548 and 550.

## PARTIES

5. On September 14, 2007 (the "Petition Date"), the Debtor filed its voluntary petition (the "Petition") for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

6. On September 28, 2008, the Debtor and the Committee of Unsecured Creditors (the "Committee") jointly filed the Plan of Liquidation of Aspen Executive Air, LLC d/b/a AEXJet Under Chapter 11 of the Bankruptcy Code Proposed Jointly by the Debtor and the Official Committee of Unsecured Creditors (the "Plan").

7. On January 9, 2009, this Court entered an Order confirming the Plan, which became effective March 6, 2009. Pursuant to the Plan, the Plaintiff was selected as the liquidating trustee and was vested with, among other things, all rights of the Debtor and its estate to, among other things, prosecute and settle all claims and causes of action of the Debtor, including, but not limited to, avoidance actions under chapter 5 of the Bankruptcy Code.

## GENERAL ALLEGATIONS

8. Defendant conducted business with the Debtor within the United States and is an entity with its principal place of business located at Lewis University Airport, 3 Tom Lambrecht

Drive, Romeoville, Illinois 60446. The Defendant's registered agent authorized to accept service of process on behalf of the Defendant is Illinois Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

9. During the ninety (90) days prior to the Petition Date, which is the period from June 15, 2007 to September 14, 2007 (the "Preference Period"), the Debtor caused payments totaling $23,924.35 to be made to the Defendant (the "Transfers") as set forth on the schedule attached hereto as **Exhibit A**.

10. On or about August 14, 2009, Plaintiff sent a letter (the "Demand") to Defendant demanding return of the Transfers. To date, the Defendant has not responded to the Demand or returned the Transfers.

### COUNT I – AVOIDANCE OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. § 547

11. Plaintiff repeats and realleges the allegations contained above in all prior paragraphs, as though fully set forth at length.

12. All of the Transfers were transfers of property, or an interest in property, of the Debtor.

13. At the time Defendant received the Transfers, Defendant was a creditor of the Debtor.

14. The Transfers were made or perfected by the Debtor to or for the benefit of the Defendant.

15. The Transfers were made on or within the Preference Period.

16. The Transfers were made for or on account of an antecedent debt owed by the Debtor to the Defendant before the Transfers were made.

17. The Transfers were made while the Debtor was insolvent.

18. The Transfers enabled the Defendant to receive more than the Defendant would have received if: (a) the Debtor's chapter 11 case was a case under chapter 7 of the Bankruptcy Code, (b) the Transfers had not been made and (c) the Defendant had received payment of its debt to the extent provided by the provisions of the Bankruptcy Code.

19. Each of the Transfers constitutes an avoidable preference within the meaning of 11 U.S.C. § 547.

20. Accordingly, the Plaintiff is entitled to an order and judgment against the Defendant avoiding each of the Transfers under 11 U.S.C. § 547.

## COUNT II – AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 548

21. Plaintiff repeats and realleges the allegations contained above in all prior paragraphs, as though fully set forth at length.

22. Alternatively, the Debtor whose property or whose interest in property was transferred in the Transfers received less than a reasonably equivalent value in exchange for such Transfers.

23. The Transfers were made on or within two years prior to the Petition Date and (a) at a time when the Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was unreasonably small capital, (b) at a time when the Debtor intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured, or (c) at a time when the Debtor was insolvent or the Debtor became insolvent as a result of such transfer.

24. Accordingly, each of the Transfers should be avoided and set aside as fraudulent under 11 U.S.C. § 548. The Plaintiff is therefore entitled to a judgment avoiding each of the Transfers in their entirety.

## COUNT III – TO RECOVER AVOIDED TRANSFERS PURSUANT TO 11 U.S.C. § 550

25. Plaintiff repeats and realleges the allegations contained above in all prior paragraphs, as though fully set forth at length.

26. The Defendant was the initial transferee of the transfers, the intermediate or mediate transferee of the initial transferee of the transfers, or the person for whose benefit the transfers were made.

27. Pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover from Defendant an amount to be determined at trial that is not less than the sum of the Transfers as shown on **Exhibit A** plus interest to the date of payment and the costs of this action.

## COUNT IV – TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502(d)

28. Plaintiff repeats and realleges the allegations contained above in all prior paragraphs, as though fully set forth at length.

29. Pursuant to 11 U.S.C. § 502(d), any claims of the Defendant against the Debtor must be disallowed until such time as the Defendant pays to the Plaintiff an amount equal to the amount of the judgments for avoidance of the Transfers.

30. Pursuant to 11 U.S.C. § 502(j), any claims of the Defendant against the Debtor previously allowed must be disallowed until such time as the Defendant pays to the Plaintiff an amount equal to the amount of the judgments for avoidance of the Transfers.

## RESERVATION OF RIGHTS

31. The Plaintiff reserves the right to bring all other claims or causes of action that the Plaintiff might have against the Defendant, on any and all grounds, as allowed under the law or in equity. Additionally, nothing contained in this complaint shall be construed as a waiver of the

Plaintiff's right to object to any proof of claim filed by the Defendant. Accordingly, the Plaintiff reserves the right to object, on any and all grounds, to any proof of claim asserted by the Defendant.

## **RELIEF REQUESTED**

WHEREFORE, the Plaintiff respectfully requests that this Court grant judgment as follows:

(a)     Declare the Transfers to be avoidable preferences and award judgment against the Defendant in the amount indicated;

(b)     Declare the Transfers to be avoidable fraudulent transfers and award judgment against the Defendant in the amount indicated;

(c) Award pre-judgment and post-judgment interest to the fullest extent allowed by applicable law;

(d)     Award costs of suit herein, including, without limitation, attorney's fees;

(e)     Pursuant to 11 U.S.C. § 502(d), disallow any claim of the Defendant against the Debtor unless the amount of the judgments for avoidance of the Transfers are paid to the Plaintiff; and

(f)     Grant such other and further relief to the Plaintiff as may be just and proper.

ASHBY & GEDDES, P.A.

/s/ Gregory A. Taylor
Gregory A. Taylor (I.D. #4008)
Benjamin W. Keenan (I.D. #4724)
Leigh-Anne M. Raport (I.D. #5055)
500 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

*Attorneys for Walker Truesdell &
Associates, Inc. as Liquidating Trustee for
the Chapter 11 Estate of Aspen Executive
Air, LLC d/b/a AEXJet*

Dated: September 3, 2009

# EXHIBIT A

| Payor | Payee | Check No. | Check Amt. | Check Date |
|---|---|---|---|---|
| Aspen Executive Air, LLC d/b/a Aexjet | Windwalker Aviation Services | 52763 | $23,924.35 | 06/29/2007 |

{00326380;v1}